

## IN THE UNITED STATES DISTRICT COURT

Southern

### FOR THE ~~WESTERN~~ DISTRICT OF TEXAS

#### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| United States Of America<br>                    Respondent, | § |
| | § |
| | § |
| vs. | § |
| | § |
| Marcos Gonzalez | § |
|                    Movant/Petitioner. | § |

Civ. **B-02-116**
Crim. B94-00095-01

## MOTION FOR LEAVE TO RESUBMIT TITLE 28 U.S.C. § 2255
## PREVIOUSLY DISMISSED WITHOUT PREJUDICE TO REFILE

**INTO COURT COMES NOW,** Marcos Gonzalez, hereinafter referred to as movant or Marcos Gonzalez, and files this motion seeking leave of this court to resubmit the attached motion pursuant to 28 USC § 2255. As grounds for this motion, Marcos Gonzalez would state the following:

On October 1st, 1998, this court rejected a memorandum of law filed by Mr. Gonzalez in support of his motion pursuant to 28 U.S.C. § 2255. The court ordered Gonzalez to refile his memorandum in under 10 pages. At the receipt of the court's order, the inmate who assisted Gonzalez in filing his initial memorandum had left the Institution. Thus, Mr. Gonzalez was without assistance and failed to comply with the court's order.

Mr. Gonzalez later requested the assistance of another inmate to file his memorandum of law in compliance with the court's order. The inmate turned Gonzalez's request down because according to the inmate, while the 83 page memorandum filed by Gonzalez was verbose in this court's words, it was impracticable

-1-

to state all of Gonzalez's issues under 10 pages.

While Gonzalez continued in his effort to comply with the court's order, he was transferred from the Greenville, Illinois Prison to Pekin, Illinois. Before settling in Pekin, Illinois, he was again transferred to USP Leavenwoth, Kansas. In Leavenwoth, Kansas, Gonzalez attempted to file his memorandum but again, he was transferred to Federal Correctional Institution in Beaumont, Texas. In the course of these frenzy transfers, Gonzalez did not have a stable base from which to file the court ordered memorandum. These transfers are verifiable upon the court's request.

On February 23, 1999, this court dismissed Gonzalez's section 2255 motion without prejudice. The dismissal was based upon the failure to comply with the court's order of October 1st, 1998.

Gonzalez urges this court to reinstate his section 2255 motion and to accept the attached 25 page memorandum which, not under 10 pages, but is a remarkable improvement from the verbose 83 pages filed in the initial memorandum. The current 25 page memorandum adequately stated Gonzalez's issues and will provide this court with a meaningful review of Gonzalez's contentions.

**WHEREFORE,** all premises considered, Gonzalez prays this court to accept and consider this amended Section 2255. As the court will find, Gonzalez has made diligent efforts to comply with the court's order and the length of time it has taken to do this was not at the discretion of Gonzalez because he does not have the liberty to station himself in one location nor the

-2-

resources to retain counsel for this purpose.

Respectfully submitted

*Marcos G. Gonzalez*
MARCOS GONZALEZ (Pro Se)
Reg. No. 65613-079
FCI (M)
P.O. BOX 26040
BEAUMONT, TEXAS 77720