IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 8 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Respondent, § | |
| § | |
| vs. § | C.R. NO. B-94-00095-01 |
| § | |
| MARCOS GONZALEZ, § | |
| Petitioner. § | |
| (C.A. No. B-02-116) § | |

## GOVERNMENT'S MOTION TO DISMISS PETITION

Marcos Gonzalez ("Gonzalez") has filed a petition for relief under 28 U.S.C. § 2255. For the reasons set forth below, that motion should be dismissed with prejudice.

### JURISDICTION

Gonzalez attacks the judgment of conviction and sentence entered by the district court on April 18, 1995. (DOC 299). Gonzalez perfected an appeal to the United States Court of Appeals for the Fifth Circuit, Case No. 95-40332. (DOC 297). On December 21, 1995, the court of appeals issued a per curiam opinion affirming the judgement of conviction and sentence. (DOC 314). Gonzalez did not file a petition for certiorari to the United States Supreme Court. The judgement became final on March 21, 1996. On August 1, 1996, Gonzalez filed his first § 2255 motion. (DOC 315). On September 5, 1996, the court dismissed without prejudice. (DOC 319). More than two years later without filing any motions, on June 1, 1998, Gonzalez filed his second § 2255 motion. (DOC 321). This motion also was dismissed without prejudice on February 23, 1999. (DOC 327). The court dismissed the second § 2255 motion because Gonzalez failed to follow the order issued by this Court on October 6, 1998, requiring Gonzalez to refile his motion in under ten pages within

25 days. (DOC 327). On May 31, 2002, Gonzalez filed his third § 2255 motion. This court is vested with jurisdiction under 28 U.S.C. § 2255; however, Gonzalez's motion should be dismissed as time-barred.

II

## MOTION TO DISMISS - TIME BARRED

Title 28 U.S.C. § 2255 provides, in pertinent part, as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

>   (1) the date on which the judgment of conviction becomes final;
>
>   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
>
>   (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (amended June 1, 1996). Gonzalez's motion is barred by 28 U.S.C. § 2255(1) because petitioner filed his motion for relief over one year after the judgment of conviction and sentence became final.

In *United States v. Thomas*, 203 F.3d 350 (5th Cir. 2000), the Fifth Circuit addressed the issue of when a federal criminal conviction becomes final for purposes of 28 U.S.C. § 2255(1) when the movant has requested and has been denied a writ of certiorari from the Supreme Court. In *Thomas*, the § 2255 petitioners had filed petitions for writs of certiorari from the Supreme Court which were

denied on November 12, 1996. One year and three days later, November 14, 1997, they filed their motions for relief under 28 U.S.C. § 2255. The district court dismissed the motions as time barred. The district court reasoned that the convictions had become final when the Fifth Circuit issued its mandate affirming the judgment on direct appeal. The court of appeals granted the petitioners a certificate of appealability to resolve the issue of precisely when a conviction becomes final. 203 F.3d at 352.

After noting a split in the circuits on this issue, the *Thomas* court held the one-year limitation period for 28 U.S.C. § 2255(1) begins to run when a petition for certiorari is denied by the Supreme Court or when the Supreme Court issues a decision on the merits. Thus, the *Thomas* petitioners convictions became final on November 12, 1996. Since their § 2255 motions were not filed until November 14, 1997, more than one year after that date, their motions were untimely and properly dismissed by the district court. 203 F.3d at 355.

Undeterred, the petitioners in *Thomas* asserted that their judgments did not become final (a) until the court of appeals received notice that the petitions were denied or, in the alternative, (b) until the twenty-five day period allotted for filing a petition for rehearing of the Supreme Court's denial of certiorari review expired. 203 F.3d at 355; SUP. CT. R. 44.2. The Fifth Circuit rejected these assertions largely under the authority of Supreme Court Rule 16.3, which provides:

> Whenever the Court denies a petition for writ of certiorari, the Clerk will prepare, sign, and enter an order to that effect and will notify forthwith counsel of record and the court whose judgment was sought to be reviewed. The order of denial will not be suspended pending the disposition of a petition for rehearing except by order of the Court or a Justice.

SUP. CT. R. 16.3. The *Thomas* court then observed:

> Moreover, an order denying a petition for writ of certiorari is effective immediately

upon issuance, absent extraordinary intervention by the Supreme Court or a Justice of the Supreme Court. *For these reasons, we conclude that there is no justification or authority for delaying the one year period of limitations until the appellate court receives notice that the Supreme Court has denied a criminal defendant's petition for writ of certiorari.*

203 F.3d at 356 (emphasis added). The court further observed that, "[the] plain text of Supreme Rule 16.3 provides that an order denying certiorari review *takes legal effect and is not suspended pending any application for rehearing.*" *Id.* (emphasis added). The *Thomas* court thus held:

> [When] a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, *the federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review*.

*Thomas*, 203 F.3d at 356 (emphasis added). *See also, United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000); *United States v. Willis*, 202 F.3d 1279 (10th Cir. 2000) ("absent an actual suspension of an order denying certiorari by the Court or a Justice, a judgment of conviction is final for purposes of the one-year limitation period in § 2255 when the United States Supreme Court denies a petition for writ of certiorari after a direct appeal, regardless of whether a petition for rehearing from the denial of certiorari is filed. After the Supreme Court has denied a petition for writ of certiorari, neither the filing of a petition for rehearing from the denial of certiorari, nor the expiration of time in which such a petition could be filed delays the commencement of the one-year limitation period.").

The court entered Gonzalez's judgment of conviction on April 18, 1995. The record reflects that Gonzalez did perfect an appeal. The court of appeals affirmed his conviction on December 21, 1995. His judgment thus became final on March 21, 1996. On August 1, 1996, Gonzalez filed his first § 2255 motion. (DOC 315). September 5, 1996, the court dismissed his first §2255 motion

4

without prejudice. (DOC 319) More than two years later without filing any motions, on June 1, 1998, Gonzalez filed his second § 2255 motion. (DOC 321). This motion also was dismissed without prejudice on February 23, 1999. (DOC 327). The court dismissed the second § 2255 motion because Gonzalez failed to follow the order issued by this Court on October 6, 1998 requiring Gonzalez to refile his motion in under ten pages within 25 days. (DOC 327). Almost four years later, Gonzalez filed a third § 2255 pleading. However, this motion must be dismissed as time-barred; and not following the court's instruction given that he file his motion under ten pages and within 25 days of the order entered on February 24, 1999. (DOC 327). In order to have timely filed a motion for § 2255 relief, Gonzalez would have had to have filed his motion by March 22, 1999. He failed to do so, therefore his motion should be dismissed as time barred unless he can demonstrate that he is entitled to equitable tolling.

The government prays that Gonzalez's motion for relief under 28 U.S.C. § 2255 be denied and that this court enter an order dismissing this action.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

By: _____
YONG J. AN
Assistant United States Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208
State Bar No. 24033612
Fed. Id. No. 29460
(713) 567-9506

## CERTIFICATE OF SERVICE

I, Yong J. An, certify that a true and correct copy of the above document has been served by placing same in the United States mail, postage prepaid, today, November 18, 2002 addressed to:

Marcos Gonzalez
Prisoner No. 65613-079
FCI (M)
P. O. Box 26040
Beaumont, TX 77720

_____
Yong J. An
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent, | § § § | |
| vs. | § | C.R. NO. B-94-00095-01 |
| | § | |
| MARCOS GONZALEZ,<br>    Petitioner.<br>(C.A. No. B-02-116) | § § § § | |

ORDER

It is hereby ORDERED that government's motion to dismiss is granted.

SIGNED this _____ day of _____ 2002.


_____
UNITED STATES DISTRICT JUDGE