

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 9 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Respondent, | * | |
| | * | CIV. No. B-02-116 |
| vs. | * | CRIM. No.B-94-00095-01 |
| | * | |
| MARCOS GONZALEZ | * | |
| Movant. | * | |

### GONZALEZ'S RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS PETITION

TO THE HONORABLE MAGISTRATE JUDGE:

MARCOS GONZALEZ, appearing on his own behalf, files this response urging the honorable magistrate to deny the government's motion to dismiss Gonzalez's section 2255 motion as time barred. As grounds, Gonzalez would show as follows:

### HISTORICAL BACKGROUND

On August 1, 1996, Gonzalez timely filed his motion pursuant to Title 28 U.S.C. § 2255(DOC 315). On September 5, 1996, the district court dismissed the motion without prejudice to refile. (DOC 319). On June 1, 1998, Gozalez refiled the motion and was again dismissed without prejudice on February 23, 1999. (DOC 327). The denial of the motion was based on the previous order of the court to file the motion under 10 pages. On May 31, 2002, Gonzalez filed a motion for leave of court to refile his § 2255 and gave adequate reasons for why the motion should be filed. This time around, the district court did not enter a sua sponte order dismissing dismissing the motion. Instead, on September 9,

2002, this court entered order granting Gonzalez an opportunity to proceed in Forma Pauperis and ordered the government to respond by October 22, 2002. On October 22, 2002, the government filed a motion for extension of time up to November 18, 2002. This motion was granted and on November 18, 2002, rather than a response to the petitioner's § 2255 motion, the government chose to file a motion to dismiss Gonzalez's §2255 motion.

The government's motion to dismiss must be denied for what it failed to admit. Gozalez agrees that Title 28 U.S.C. § 2255 provides, in pertinent part:

A one year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of:

(1) The date on which the judgement of conviction becomes final.
(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;......

The government argues in its motion that Gonzalez's motion is barred by 28 U.S.C. § 2255(1) because petitioner filed his motion for relief over one year after judgement of conviction and sentence became final. The government is wrong.

In an information age where the government maintains a bank of patterns of motions and responses for various pleadings, the careless prosecutors often use the wrong pattern as "catch all"

-2-

palliation of troubling motions. Here, despite the recitation of the historical background of this case, the government did not deign it to present a clearer picture of the legal road this case has traveled. The government's reliance upon 28 U.S.C. § 2255(1) as the section on which this matter is to be resolved is quite misplaced. To the contrary, Gonzalez's motion falls under 28 U.S.C. § 2255(2). Under this section, there is no procedural bar when the impediment to make the motion is removed.

The maxim that Gonzalez filed his 28 U.S.C. § 2255 motion on August 1, 1996, less than five months after his conviction became final is unrefutable. In that vein, 28 U.S.C. §2255(1) does not apply in this case. There is no question that Gonzalez's timely filed §2255 motion was dismissed without prejudice to refile because the court considered the motion verbose. Gonzalez was only ordered to refile his motion in the form which the court prescribed. In his motion for leave to resubmit the 28 U.S.C. § 2255 motion, Gonzalez explained in details, the arduous effort he has put to file the motion. Consequently, this court found reason to believe that Gonzalez has made diligent efforts to file the motion and accepted it this time. The government was given an order to show cause why the motion should not be granted but it chose not to delve into the merits of the allegation.

The government's citation of **UNITED STATES V. THOMAS,** 203 F.3d 350(5th Cir. 2000), for the proposition that Gonzalez's motion is time barred, is grossly misplaced. **Thomas** involves petitioners who actually filed their 28 U.S.C. § 2255 motion out of time, i.e., more than one year after their conviction became final. Gonzalez filed his motion five months after his conviction

became final. Therefore, the government cannot base any procedural argument upon 28 U.S.C. § 2255(1).

Gonzalez's motion falls under the provision of 28 U.S.C. §2255(2) because there was an impediment which prevented the docketing of the motion. It should be noted that the previous times Gonzalez filed his motion, the court never ordered the government to file a response. Those motions were dismissed sua sponte on the grounds that they were voluminous and not untimely. While the government conceded that the motion was filed previously, it is hard to fathom why the government invokes cases dealing on procedural bar as vehicle to seek the indulgence of this court.

There is also no error as to why this court accepted Gonzalez's motion without dismissing it as it did on previous occasions. Every district court has wide latitude in conducting its business. In this matter, the court has always dismissed this case without prejudice to refile. This time around, the court has decided that the motion should be filed and granted Gonzalez in Forma Pauperis to prosecute this matter. A civil number was properly assigned the case and the government was given an opportunity to respond. However, for its lack of preparedness, the government injects an argument of procedural bar and attempts to buttress this argument on the basis of the Fifth Circuits opinion in **UNITED STATES V. GAMLE,** 208 F.3d 536(5th Cir. 2000), and other cases like it. Nothing in the instant case invites the type of argument the government appears to obfuscate the merits of this matter. Gonzalez's motion was timely filed except that the court

dismissed it on the basis form than any jurisdictional violation. In that context, 28 U.S.C. § 2255(2) applies.

Because the government has chosen to ignore these facts, it motion to dismiss must be denied. In the alternative, the court may construe the governments motion as a response to Gonzalez's section 2255 motion. If the court chooses to do so, Gonzalez requests the court to disregard the government's response and resolve the matter based on the memorandum filed by Gozalez of which no attempt has been made to refute its allegations.

**THEREFORE,** all premises considered, Gonzalez prays this court to deny the government's motion to dismiss, grant Gonzalez's section 2255 motion. The court may grant other relief it deems equitable just and fair.

Respectfully submitted

*Marcos R. Gonzalez*
Marcos Gonzalez
Pro Se Petitioner
Reg. No. 65613-079
Beaumont, Medium FCI
P.O. Box 26040
Beaumont, Texas 77720

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this response has, on this the 2nd day of December, 2002, been sent to the assistant United States Attorney by placing same at the institution's legal mail-box Postage prepaid for forwarding to:

**YONG J. AN**
Assistant U.S. Attorney
910 Travis, Suite 1500
P.O. Box 61129
Houston, Texas 77208

*Marcos R. Gonzalez*
Marcos Gonzalez