IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Respondent, | § | |
| | § | |
| v. | § | CIV. No. B-02-116 |
| | § | CRIM. No. B-94-00095-01 |
| MARCOS GONZALEZ | § | |
|     Petitioner. | | |

ORDER

After two previous dismissals without prejudice, Petitioner again files a § 2255 motion attacking the judgement of his case, and claims entitlement to § 2255(2) relief from the one-year filing deadline found in § 2255(1). The government has filed a Motion to Dismiss claiming that the motion is time barred. The government is correct.

*Factual Background*

On April 18, 1995, Judgment was entered against Petitioner for conspiring to possess with intent to distribute cocaine and attempting to conduct a financial transaction with proceeds from unlawful activity. That same day, appeal to the United States Court of Appeals for the Fifth Circuit was perfected. The judgement was affirmed by the Fifth Circuit on December 21, 1995.

On August 1, 1996, Petitioner filed his first § 2255 motion. On the September 5, 1996 Petitioner motioned to dismiss the § 2255 motion without prejudice, and nineteen days later, that Motion was granted. On June 1, 1998, Petitioner filed a Memorandum of Law in support of his

second § 2255 motion, which was subsequently filed two days later. On the seventeenth of that June, the case was referred to a Magistrate, who, on December 1, 1998, ordered Petitioner to resubmit his memorandum within a certain number of pages by December 26, 1998. The next entry on the docket sheet for this case shows that on February 23, 1999, the action was dismissed without prejudice by a District Judge.

On September 13, 1999, Petitioner perfected his Notice of Appeal. One month later, the Fifth Circuit affirmed the dismissal and an a subsequent Letter was filed by the court of appeals on October 20, 1999. Petitioner never filed a petition for a Writ of Certiorari.

Petitioner filed his third § 2255 motion on May 31, 2002 claiming that the government had created an impediment to his timely filing in regards to the December 26, 1998 resubmission deadline. The government motions to dismiss the action as time barred. Because Petitioner does not provide a basis sufficient to qualify for the language of § 2255(2), the government's motion should be GRANTED pursuant to § 2255(1).

### *One-year Limitation Applicable to Petitioner's § 2255 motion.*

Section 2255(1) bars any petition filed on behalf of a federal prisoner more than one year after the final judgment of conviction, but that section does not define when a judgment becomes final. *U.S. v. Gamble*, 208 F.3d 536 (5th Cir. 2000). The Supreme Court has held that a federal conviction becomes final when a "judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. *Griffith v. Kentucky*, 479 U.S. 314 (1987). The Fifth Circuit holds that the conviction becomes final, and the one-year period begins to run, upon expiration of the time for

seeking certiorari in the U.S. Supreme Court, even where, the appellant has not actually filed such a petition. *U.S. v. Gamble,* 208 F.3d 536, (5th Cir. 2000).

Supreme Court Rule 13(1) states that "a Petition for a Writ of Certiorari to review a judgement in any case, civil or criminal, entered by... a United States court of appeals... is timely filed when it is filed with the Clerk of this Court within 90 days after entry of the judgement." Here, Appellant's judgement was affirmed by the Fifth Circuit on December 21, 1995. The deadline for petitioning for certiorari then becomes March 21, 1996. Therefore the one year window for § 2255 motions closed on March 21, 1996.

Petitioner filed his first § 2255 motion before the one year deadline, but that motion was dismissed without prejudice. Petitioner later refiled the Motion and again it was dismissed without prejudice, with that dismissal being affirmed by the Fifth Circuit on October 20, 1999. Applying Supreme Court Rule 13(1) and § 2255(1) to that date sets the deadline at November 19, 2000. Petitioner filed on May 31, 2002. Therefore, Petitioner's Motion is time barred.

### *Appellant not entitled application of § 2255(2)*

Section 2255(2) initiates the running of the § 2255 one year filing deadline not from the time of final judgement, but from "the date on which the impediment to making a motion created by governmental action in violation of the Constitution... is removed, if the petitioner was prevented from making a motion by such governmental action." 28 U.S.C. 2255(2). In his leave to file his § 2255 motion, Petitioner claims the impediment to be his government-ordered prison facility transfers prior to the year 2000. The instant § 2255 motion was filed on May 31, 2002. Even if the facility transfer amounted to an impediment sufficient for § 2255(2) purposes, for §

2255(2) to apply here, Petitioner would have to mention some government imposed impediment ending on May 31, 2001 or thereafter. Because Petitioner does not, § 2255(2) is not applicable to this action.

## Conclusion

For the foregoing reasons, the undersigned DENIES the petitioner's 2255 motion and GRANTS the government's motion to dismiss.

SIGNED this the 6th day of February, 2003.

Filemon B. Vela
United States District Judge